10-2719-ag
Hou v. Holder

BIA
A070 671 371

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

ZHU LIN HOU,
        *Petitioner,*

     v.                                          10-2719-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Peter S. Gordon, Forest Hills, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse Lloyd

**Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhu Lin Hou, a native and citizen of the People's Republic of China, seeks review of the June 11, 2010, order of the BIA denying her motion to reopen. *In re Zhu Lin Hou*, No. A070 671 371 (B.I.A. June 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Hou's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the final administrative decision in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Hou's 2009 motion was untimely because the agency issued the final administrative order in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time

2

limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA concluded, Hou's practice of Falun Gong in the United States is not changed circumstances arising in China. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Hou undertook to show an increase in China's persecution of Falun Gong practitioners since 2008. The BIA's determination that the evidence failed to demonstrate changed circumstances in China is supported by substantial evidence. While there is evidence that repression of Falun Gong practitioners increased during the 2008 Olympics, there is also evidence that the repression has been constant since the time of Hou's hearing in 2001, and Hou submitted no evidence that any increase in repression of Falun Gong practitioners continued after the 2008 Olympics and into 2009. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.

3

2007) ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

The evidence Hou submitted was therefore insufficient to establish a change in country conditions. Her recent practice of Falun Gong amounts at most to a change in personal circumstances. The BIA did not abuse its discretion in denying her untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii); 8 C.F.R. § 1003.2(c)(2), (3). Hou argues that the BIA ignored certain evidence, but the BIA explicitly addressed her background material in its decision. The BIA was not required to cite each piece of evidence because substantial evidence supports its findings. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk